```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
_____

                                 (
EARNEST M. HAWKINS,              (
                                 (
        Plaintiff,               (
                                 (
vs.                              (      No. 06-2045-B/An
                                 (
PAUL G. SUMMERS, et al.,         (
                                 (
        Defendants.              (
                                 (
_____

                    ORDER ASSESSING FILING FEE
                       ORDER OF DISMISSAL
            ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                               AND
                 ORDER ASSESSING APPELLATE FILING FEE
_____
```

Plaintiff, Earnest M. Hawkins, an inmate at the West Tennessee State Prison ("WTSP"),[1] in Henning, Tennessee filed this complaint under 42 U.S.C. § 1983, along with a motion to proceed <u>in forma pauperis</u>. The Clerk shall file the case and record the defendants as Paul Summers, Riley Anderson, and Charles Traughber.[2]

---

[1]     The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2]     The complaint also purports to sue "Et Al." Service of process cannot be made on a fictitious party. The filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitation against those parties. <u>See</u> <u>Cox v. Treadway</u>, 75 F.3d 230, 240 (6th Cir. 1996); <u>Bufalino v. Michigan Bell Telephone Co.</u>, 404 F.2d 1023, 1028 (6th Cir. 1968). Thus, to the extent plaintiff seeks to bring any complaint against any other individual or entity, he must identify the defendant and file a lawsuit within the one-year statute of limitations applicable to § 1983 actions. Tenn. Code Ann. § 28-3-104(a).

I.  <u>Assessment of Filing Fee</u>

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a). The <u>in forma pauperis</u> statute, 28 U.S.C. § 1915(a) merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has submitted both an <u>in forma pauperis</u> affidavit and a prison trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee, 242 Federal Building, 167 N. Main, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address.  If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.  The Clerk shall mail a copy of this order

to the prison official in charge of prison trust fund accounts at plaintiff's prison.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

## II. Analysis of Claims

Hawkins alleges that he pled guilty on March 1, 1982, to first degree felony murder and armed robbery and/or aggravated robbery pursuant to a plea agreement providing for his release on parole after serving a minimum of thirty percent of the imposed life sentence. He contends that defendants Summers and Anderson were parties to his plea agreement, which he characterizes as a contract. Defendant Traughber, for the "second or third time," denied parole to plaintiff Hawkins on November 17, 2005, based upon the seriousness of his offense. Hawkins contends that he is required to serve three more years on his sentence before he is eligible for another parole review, resulting in his serving over 70% of his sentence and thereby violating his plea agreement. The plaintiff characterizes the conduct of the defendants as a conspiracy to induce him to plead guilty in 1982 with false hopes of making parole. He seeks immediate release on parole, compensatory and punitive damages, and prosecution of the defendants.

Plaintiff cannot maintain an action under § 1983 based on the refusal of the Tennessee Board of Probation and Paroles to order

4

his release. In order to recover damages under § 1983, the plaintiff must first overturn his conviction.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). See also Schilling v. White, 58 F.3d 1081, 1086 (1995)(footnotes omitted). The Sixth Circuit has applied Heck to bar § 1983 claims challenging the denial of parole:

> To the extent that Bell challenges the denial of furlough and parole by Jones and Upper, respectively, his claim is not cognizable in a § 1983 proceeding since a ruling in his favor would undermine the validity of his continued confinement. . . . The principles espoused in Heck have been applied to § 1983 actions, like Bell's, challenging state parole decisions in the absence of a previous decision by a state or federal tribunal declaring the parole decision invalid.

5

Bell v. Ohio Adult Parole Auth., No. 01-3863, 2001 WL 15404122, at *1 (6th Cir. Nov. 30, 2001).[3]

In this case, the plaintiff has not taken the additional step of having a state court declare the parole decision to be invalid. Unless and until he does so, he cannot maintain a § 1983 action. Similarly, because the plaintiff's conspiracy claims also depend on the invalidity of his continuing confinement, the plaintiff cannot pursue those claims until he has obtained a judicial adjudication that his confinement is unlawful.

Furthermore, private individuals may not commence federal criminal prosecutions by obtaining a criminal warrant or by filing a civil suit.

> Private citizens generally have no standing to institute federal criminal proceedings. See Keenan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964). As the court explained in Bass Angler Sportsman Soc'y v. United States Steel Corp., 324 F. Supp. 412, 415 (S.D. Ala. 1971)(citations omitted), aff'd, 447 F.2d 1304 (5th Cir. 1971):
>
>> Criminal statutes cannot be enforced by civil actions. Serious constitutional problems are encountered in any attempt to impose criminal sanctions by way of civil procedures.

---

[3] Although the plaintiff could challenge the denial of parole in a petition pursuant to 28 U.S.C. § 2254, this Court declines to construe this action as a § 2254 petition. A habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. See 28 U.S.C. § 2254(b)(1); Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 519 (1982); Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. There is no indication the plaintiff has exhausted his state remedies with respect to the denial of his parole. In particular, prisoners who are dissatisfied with a decision of the Tennessee Board of Probation and Parole may obtain judicial review through a petition for common-law writ of certiorari filed in the Davidson County Chancery Court. Beaucamp v. Tennessee Bd. of Paroles, 2001 WL 1545504, at *1 (Tenn. Ct. App. Dec. 5, 2001).

> Equally important is the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions. It has been repeatedly held that the Executive Branch through the Justice Department and U.S. Attorneys is charged with enforcement of federal criminal law and in this area has broad discretion in determining whether or not to prosecute. In the exercise of such discretion U.S. Attorneys are immune from control or interference through mandamus or otherwise by private citizens or by courts.

Winslow v. Romer, 759 F. Supp. 670, 673-74 (D. Colo. 1991).

To the extent plaintiff asserts any state law claims, without a federal claim on which to base jurisdiction, the Court cannot exercise supplemental jurisdiction over any state law claims.

Accordingly, as this complaint fails to state a claim upon which relief may be granted, it is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

II. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit

to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[4] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal in this district of one of his cases for failure to state a claim and as devoid of jurisdiction.

---

[4] Effective April 9, 2006, the fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

IT IS SO ORDERED this 5th day of July, 2006.

                                           s/ J. DANIEL BREEN
                                           UNITED STATES DISTRICT JUDGE